Application of WALLING, Administrator of the Wage and Hour Division, United States Department of Labor.

Misc. No. 729.

District Court, E. D. New York.

Oct. 13, 1942.

Irving J. Levy, Acting Sol., of Washington, D. C., Arthur E. Reyman, Regional Atty., and William E. Sullivan, Associate Atty., U. S. Department of Labor, both of New York City, for the motion.

Lothair H. Szerlip, of Brooklyn, N. Y., for Henry Moss & Co., Inc., opposed.

BYERS, District Judge.

Motion for an order to comply with a subpoena duces tecum issued by the Administrator of the Wage and Hour Division of the United States Department of Labor.

Pursuant to the prayer of the petition that an order issue requiring the respondent to produce the books, records, papers, documents and memoranda required by the subpoena attached thereto, before the petitioner or one of his authorized representatives, "at such time and place as this Court may order"; and after reading the answering and replying affidavits, the said motion is hereby granted as follows:

(a) The time is fixed as October 20, 1942, at 10:30 a.m. until 1 p.m., and from 2 p.m. until 5 p.m., and on each succeeding day (except Saturdays, Sundays and Mondays) as may be needed, during the same hours.

(b) The place is fixed as the business office of the above-named respondent.

It may be appropriate to add that the petitioner has not seen fit to enlighten the Court as to the necessity for pressing this motion, in light of the inspection of the respondent's records on September 28, 1942, at the suggestion of the Court made in the belief that the petitioner was assumed to be more interested in obtaining information than in promoting a legal controversy.

While it is not apparent that the general ledger will throw any additional light on the interstate nature of the respondent's business, or the rate of compensation paid to its employees, since the first is conceded and the second is stated to have been completely laid bare, the respondent was ill advised to refuse inspection thereof to the petitioner's authorized representative, although it is not in terms mentioned in the petition.

The brief filed for the petitioner is largely beside the point. No one has contended that this Court should ascertain whether the Wage and Hours Law, 29 U.S.C.A. § 201 et seq. applies, before granting an order to enforce the subpoena. It was suggested, and with reason as I believe, that if the petitioner could acquire the desired information without the interference with the conduct of the respondent's business that would be entailed by the production of an impressive array of its records at a comparatively distant office, the ends of justice to both the petitioner and the respondent would be served. In other words, that the power of subpoena was not arbitrarily to be enforced, if it had been needlessly invoked.

So long as the courts are retained in our legal system, their duty will remain of considering both sides of a given controversy; in obedience to that duty as presently understood, the order will contain the provisions above stated, and is to be settled on notice.